[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10543

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KENNETH MICHAEL BURTON,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:20-cr-00026-AW-GRJ-1

_____

Before WILSON, JORDAN, and MARCUS, Circuit Judges.

PER CURIAM:

Kenneth Michael Burton appeals his 360-month sentence, an upward variance from the guideline range of 210–262 months, for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Burton argues that: (1) the district court erred in assigning him an armed-career-criminal offense level of 34 under U.S.S.G. § 4B1.4(b)(3)(A) for possessing the firearm in connection with a crime of violence; and (2) his sentence was substantively unreasonable. After thorough review, we affirm.

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the guidelines. *United States v. Rosales-Bruno*, 676 F.3d 1017, 1020 (11th Cir. 2012). We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

We've held that a "sweeping, general objection is insufficient to preserve specific sentencing issues for review." *United States v. Carpenter*, 803 F.3d 1224, 1237–38 (11th Cir. 2015). However, as to substantive reasonableness challenges, the Supreme Court has clarified that when a defendant argues at sentencing that a shorter sentence would be sufficient and a longer sentence would be greater than necessary, "[n]othing more is needed to preserve the claim that a longer sentence is unreasonable." *Holguin-*

*Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). The Supreme Court declined to address when a party has properly preserved the right to make particular arguments supporting its claim that a sentence is unreasonably long. *Id.* at 767.

First, we are unpersuaded by Burton's claim that the district court erred in increasing his offense level under the guidelines for possessing a firearm in connection with a crime of violence. Where a defendant is an armed career criminal, his offense level is the greatest of: (1) the offense level applicable from Chapters Two and Three; (2) the career-offender offense level from § 4B1.1, if applicable; or (3) either (a) 34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or a controlled substance offense, or (b) 33. U.S.S.G. § 4B1.4(b)(1)–(3). The guidelines define a "crime of violence" as: (i) an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"; and (ii) certain enumerated crimes, including "aggravated assault." U.S.S.G. § 4B1.2(a). Subsection (i) is known as the "elements clause."

Florida aggravated assault is an assault "[w]ith a deadly weapon without intent to kill" or "[w]ith an intent to commit a felony." Fla. Stat. § 784.021(1). An assault, in turn, is defined by Florida law as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." *Id.* § 784.011(1).

In a recent decision, we confirmed our long-standing position that Florida aggravated assault, in violation of Fla. Stat. § 784.021, is a "crime of violence" under the guidelines. *Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023) (holding that "aggravated assault under Florida law categorically qualifies as a 'violent felony' under the" elements clause of the Armed Career Criminal Act ("ACCA")); *see also, e.g.*, *United States v. Golden*, 854 F.3d 1256 (11th Cir. 2017); *Turner v. Warden*, 709 F.3d 1328 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015).[1] In *Somers*, we had certified questions to the Florida Supreme Court concerning the mens rea required for a Florida aggravated assault conviction following the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). This is because *Borden*, which was decided during the pendency of the *Somers* appeal, made clear "that offenses that can be committed with a mens rea of recklessness do not satisfy the elements clause of the ACCA." *Somers*, 66 F.4th at 895 (citing *Borden*, 141 S. Ct. at 1829–30 n.6). Responding to our certified questions, the Florida

---

[1] "Because the elements clause definition of 'crime of violence' . . . in the Guidelines and the elements clause definition of 'violent felony' under the [ACCA] are virtually identical, this Court looks to the Supreme Court's and our own decisions applying the ACCA for guidance in considering whether an offense qualifies as a crime of violence under the Guidelines, and vice versa." *United States v. Ochoa*, 941 F.3d 1074, 1107 (11th Cir. 2019); *see also Golden*, 854 F.3d at 1256–57 ("Although *Turner* addressed the 'elements' clause of the ACCA, that clause is identical to the elements clause of § 4B1.2(a)(1). As a result, *Turner* is binding." (citations omitted)).

Supreme Court clarified that the Florida aggravated assault statute requires at least knowing conduct; *i.e.,* it demands the specific intent to direct a threat at another person and cannot be violated by a reckless act. *Somers v. United States,* 355 So. 3d 887, 891–92 (Fla. 2022). Based on the Florida Supreme Court's answer to our certified questions, we held once again that aggravated assault under Florida law qualifies as an ACCA predicate offense. *Somers,* 66 F.4th at 896. And, as we've noted, because Florida aggravated assault qualifies as a "violent felony" under the ACCA, it also qualifies as a "crime of violence" under the guidelines. *See Ochoa,* 941 F.3d at 1107; *Golden,* 854 F.3d at 1256–57.

Accordingly, Burton's claim that the district court erred in enhancing his sentence based on its determination that his Florida aggravated assault conviction was a crime of violence is foreclosed by our binding precedent in *Somers.* We therefore affirm the district court's decision to assign him a career criminal offense level of 34 under the guidelines.

We are also unconvinced by Burton's claim that the ultimate sentence imposed by the district court was substantively unreasonable. In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" *United States v. Pugh,* 515 F.3d 1179, 1190 (11th Cir. 2008) (quoting *Gall,* 552 U.S. at 51). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. §

3553(a).[2]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision that is within its sound discretion.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  *Pugh*, 515 F.3d at 1191–92.  A sentence that suffers from one of these symptoms is not *per se* unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  *Id*. at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  This means that we will sometimes "affirm the district court

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

even though we would have gone the other way had it been our call." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotations omitted).

The district court is not required to discuss each of the § 3553(a) factors, and an acknowledgement that it has considered the § 3553(a) factors will suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Similarly, the failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider this evidence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Nor does the district court's failure to specifically mention certain mitigating factors compel the conclusion that a sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable. *Snipes*, 611 F.3d at 873. Further, the district court may base its findings of fact on, among other things, undisputed statements in the presentence investigation report or evidence presented at the sentencing hearing. *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007).

We must give "due deference" to the district court's decision that the § 3553(a) factors justify a variance. *Gall*, 552 U.S. at 51. We do not presume a sentence outside the guideline range is unreasonable. *Irey*, 612 F.3d at 1187. But the district court's justification for a variance must be "sufficiently compelling to support the degree of the variance." *Id*. at 1186–87 (quotations omitted). Even if a particular § 3553(a) factor is already accounted for by the guidelines, district courts maintain discretion to use this factor to justify

an upward variance. *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).

A sentence that is below the statutory maximum is an indicator of a reasonable sentence. *United States v. Coglianese*, 34 F.4th 1002, 1009 (11th Cir. 2022). The party challenging a sentence bears the burden of proving that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded to sentencing courts. *Rosales-Bruno*, 789 F.3d at 1256.

Here, Burton has not shown that his 360-month sentence -- which amounted to a 98-month upward variance -- was unreasonable. For starters, Burton's crime of conviction in the present case was more serious than a mine-run 18 U.S.C. § 922(g) offense. The current offense arose out of an altercation with Burton, his ex-girlfriend and her male acquaintance after Burton "confronted" them in the parking lot of a Bahama Breeze restaurant in Alachua County, Florida. As the confrontation escalated, Burton struck the ex-girlfriend's friend, causing a deep laceration to his chin, then stole the ex-girlfriend's gun, handling it in a way that caused the gun to be fired, and accidentally shot himself. The district court noted that Burton's "reckless behavior could have led to an even more terrible outcome" where a "bystander could have been killed." The court found the offense conduct to be "extraordinarily serious" and to warrant "a serious punishment."

Moreover, Burton's criminal history was significant. Most notably, it included repeated crimes of violence against his ex-

girlfriend, who testified at the sentencing hearing about the "mental, emotional, and physical abuse" she suffered for six years from the defendant, including various incidents in which Burton choked, hit, and injured her. She said she had been unable to leave him because he had threatened her, her family and her friends and monitored her phone. Burton's criminal history also included repeated instances of armed robbery, attempted armed robbery, assault and battery, among other things, victimizing workers in local businesses, a teacher, law enforcement officers, a fellow inmate, and a woman who declined to have sex with him. The district court highlighted several of these prior crimes, which it summarized as a "consistent longstanding history of violence going back a long, long time." The court observed that Burton had "previous lengthy prison sentences . . . and he continues to offend. Also continues to offend while in prison, which is also concerning." The court added that "[t]his is the kind of history that I think could support a life sentence -- this kind of violent consistent history."

Ultimately, the court determined that Burton's "extraordinary criminal history" justified a 360-month sentence, calling the "protection of the public . . . the biggest driver in this upward variance." The court further reasoned that a substantial sentence was necessary for deterrence purposes, considering Burton's criminal history, other arrests that did not result in convictions, and violent incidents in prison. In determining that the seriousness of Burton's criminal history warranted a 98-month upward variance, the district court had "broad leeway" to do so. In addition, although the

court did not need to comment on all of Burton's mitigating factors -- including his newly raised arguments concerning recidivism and self-defense -- it expressly said that it considered "all" the § 3553(a) factors present in the case, including the mitigating factors, and discussed several of them, but found they were outweighed by the aggravating factors. Again, it was well within the district court's discretion to do so.

In short, the record reflects that the district court carefully considered the totality of the circumstances and the § 3553(a) factors -- including the nature and circumstances of the offense and the needs to promote respect for the law, provide adequate deterrence, and protect the public -- and explained why it was imposing a 360-month sentence. 18 U.S.C. § 3553(a)(2)(B), (2)(C). We cannot say that this sentence fell outside the range of reasonable sentences dictated by the facts of the case. It's also worth noting that the sentence is below the statutory maximum of life imprisonment, *see* 18 U.S.C. §§ 922(g)(1) and 924(e), which indicates reasonableness. Accordingly, Burton has not shown that his sentence was substantively unreasonable, and we affirm.

**AFFIRMED.**