[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 19-12283

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES JOSEPH BRYANT,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cr-00188-PGB-TBS-1

————————————————

Before WILSON, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

James Joseph Bryant appeals his sentence of 120-months' imprisonment and 5 years' supervised release for firearm possession as a felon, arguing that: (1) the district court lacked jurisdiction because the indictment failed to allege that Bryant knew he was a felon; (2) the district court erred in accepting Bryant's plea because he was not informed that the government had to prove he was a felon; (3) the felon-in-possession statute exceeds congressional power under the Commerce Clause; (4) the district court erred in sentencing him under the Armed Career Criminal Act (ACCA) because his prior Florida conviction for aggravated assault does not qualify; (5) the district court erred in sentencing him under ACCA because the fact that his prior convictions were separate occasions was not an element of the offenses, proven to a jury beyond a reasonable doubt, or admitted by Bryant; and (6) the district court erred in sentencing Bryant above 18 U.S.C. § 924(a)(2)'s maximum penalty and the ACCA requirements were not charged in an indictment and proven to a jury beyond a reasonable doubt. After careful review, we affirm.

## I.    Background

In August 2018, Bryant was charged by indictment with possessing a firearm as a convicted felon. The indictment charged that Bryant:

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including [four prior convictions], did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, that is, a 9 mm Jimenez Arms, model JA Nine, pistol and Winchester ammunition. In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

The presentence investigation report (PSR) recommended that Bryant be sentenced pursuant to ACCA due to the four prior qualifying convictions: aggravated battery, aggravated assault, and two counts of possession of cocaine base with intent to distribute on different occasions, January 8, 1999, and January 15, 1999, respectively, that were resolved in the same federal case. Bryant never objected to the PSR's statement of the offense dates or the recommendation that the district court sentence him under ACCA based on those crimes. Ultimately, Bryant entered a guilty plea pursuant to a plea agreement in September 2018. The district court found the sentencing guidelines range to be 180 months, in part because of ACCA's application. While deciding ACCA applied, the district court ultimately imposed a prison term of 10 years (120 months) and a supervised release term of 5 years on May 29, 2019.

## II.    The District Court Did Not Lack Jurisdiction

"We review questions of subject matter jurisdiction de novo." *United States v. Morales*, 987 F.3d 966, 978 (11th Cir. 2021). However, "[u]nder the prior precedent rule, we are bound to follow a prior binding precedent 'unless and until it is overruled by

this court *en banc* or by the Supreme Court.'" *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quoting *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003)). A case is overruled only when there is actual conflict, not when there is merely inconsistent reasoning. *Id.* at 1237.

Someone previously convicted of a felony may not possess a firearm "in or affecting commerce." 18 U.S.C. § 922(g). At the time Bryant possessed the firearm, 18 U.S.C. § 924(a) provided that "[w]hoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2) (2006) (amended 2018 and 2022). We have applied the Supreme Court holding from *Rehaif v. United States*[1] to say that "18 U.S.C. § 922(g), when read in conjunction with § 924(a)(2), requires not only that the defendant know that he possesses a firearm, but also . . . know that he is a felon." *United States v. Bates*, 960 F.3d 1278, 1295 (11th Cir. 2020).

Generally, "[t]he standard for whether an indictment sufficiently alleges a crime is not demanding. An indictment tracking the statutory language and stating approximately the time and place of an alleged crime is sufficient." *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020). An omission of an element of a crime "does not strip the district court of jurisdiction." *Id.* at 1334. Specific to this statute, omission of the knowledge-of-felon-status element is not jurisdictional. *Id.* at 1336 (noting that *Rehaif* reached

---

[1] 139 S. Ct. 2191 (2019).

the merits and did not dismiss for lack of jurisdiction). We have further held that 18 U.S.C. § 924(a) need not be charged in addition to § 922(g), because § 922(g) is already a complete criminal prohibition. *Id.* at 1337.

Here, prior precedent establishes that failure to allege knowledge of felony status or charge a violation of § 924(a) does not compromise the subject matter jurisdiction of the district court. While this omission may render an indictment insufficient, as held in *Moore*, this fact alone will not invalidate jurisdiction. *Id.* at 1334. Therefore, Bryant's claim to the contrary cannot stand, and jurisdiction was not implicated in this case.

### III.    The District Court Did Not Plainly Err in Accepting Bryant's Guilty Plea

We "review[] the issue of a Fed. R. Crim. P. Rule 11 violation for plain error when it was not raised before the district court." *United States v. James*, 210 F.3d 1342, 1343 (11th Cir. 2000). Plain error places the burden on the defendant to establish (1) an error; (2) that is plain; (3) that has affected the defendant's substantial rights; and (4) the error seriously affects "the fairness, integrity or public reputation of judicial proceedings." *Greer v. United States*, 141 S. Ct. 2090, 2096–97 (2021). For an error to be plain, the issue must be specifically resolved by the operative text or by precedent from us or the Supreme Court. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

When a defendant seeks to invalidate a guilty plea on Rule 11 grounds, under plain error review, the defendant must

demonstrate his substantial rights were affected by "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The Supreme Court has suggested that at least a certain class of constitutional error relieves the defendant of this obligation. *Id.* at 84 n.10 (noting that "when the record of a criminal conviction obtained by guilty plea contains no evidence that a defendant knew of the rights he was putatively waiving, the conviction must be reversed" (citation omitted)). However, neither we nor the Supreme Court have made a distinction between the Rule 11 and due process analyses in cases analyzing *Rehaif* errors; both have required the defendant to show a reasonable probability that, but-for the error, they would not have pled guilty. *Greer*, 141 S. Ct. at 2096–98; *Bates*, 960 F.3d at 1295–96; *United States v McLellan*, 958 F.3d 1110, 1118–20 (11th Cir. 2020). We review the whole record to determine if there was a substantial effect on the defendant's rights. *United States v. Dudley*, 5 F.4th 1249, 1256 (11th Cir. 2021).

In *Greer*, the Supreme Court held that the defendant had not established plain error for failure to inform him that the government would be required to prove that he knew he was a felon, in part because "[i]f a person is a felon, he ordinarily knows he is a felon." 141 S. Ct. at 2097. We have reviewed other evidence that the defendants making challenges under *Rehaif* knew they were felons. *Moore*, 954 F.3d at 1337–38 (noting defendants had served lengthy sentences, had previously been charged under § 922(g), stipulated to their felony convictions, and one bore a tattoo stating the duration of his prior sentence).

Here, Bryant's claim does not survive plain error review. As an initial matter, it was plainly erroneous for the district court not to inform Bryant that the government would be required to prove his knowledge of felony status, and this error is the only defect in his plea colloquy. But Bryant has not asserted that he would not have pled guilty had he been properly informed. Moreover, he likely knew he was a felon as he had been released from a 160-month sentence in 2011, something he is unlikely to forget, and expressed no confusion at being classed as a felon. The bottom line: Bryant has not alleged he did not know he was a felon, nor has he shown a reasonable probability that he would not have pled guilty absent the error. Therefore, under plain error review, Bryant's claim necessarily fails.

## IV.    18 U.S.C. § 922(g) is Constitutional

Challenges to the constitutionality of statutes are reviewed de novo if raised below and otherwise for plain error. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

As a preliminary matter, Congress has the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. However, as demonstrated in *United States v. Lopez*,[2] Congressional acts will be struck down when they lack a jurisdictional element ensuring the prohibition in question affects interstate commerce.

_____

[2] 514 U.S. 549, 561–62 (1995) (striking down a prohibition on possessing firearms near schools in part because it lacked a jurisdictional element).

Congressional prohibitions will also not pass muster if the claimed effects on interstate commerce are considered too attenuated. *United States v. Morrison*, 529 U.S. 598, 614–18 (2000). Neither *Lopez* nor *Morrison* struck down § 922(g). Importantly, we have upheld § 922(g) against challenges that it exceeds congressional authority under the Commerce Clause, noting that it requires the firearm to have traveled in interstate commerce. *Wright*, 607 F.3d at 715–16.

We review the § 922(g)'s constitutionality for plain error, as Bryant raises the issue for the first time on appeal. The district court did not plainly err because neither the text of the Commerce Clause nor any binding caselaw resolves this issue in Bryant's favor. Though Bryant relies on *Lopez* and *Morrison*, both are distinguishable. In both *Lopez* and *Morrison*, the Supreme Court held the requisite jurisdictional element in the statutes at issue was lacking. *Lopez*, 514 U.S. at 561; *Morrison*, 529 U.S. at 613. Our court has found that the requisite jurisdictional element in § 922(g) has been met, as established in *Wright*, and therefore § 922(g) survives under a constitutional challenge. In sum, the caselaw that exists upholds § 922(g) against challenges like Bryant's under plain error, and his claim fails.

## V.    Aggravated Assault Qualifies as a Violent Felony Under ACCA

If not raised below, whether a defendant qualifies under ACCA will be reviewed only for plain error. *United States v. Jones*, 743 F.3d 826, 829 (11th Cir. 2014).

19-12283                Opinion of the Court                    9

ACCA provides that "a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is to be given an enhanced sentence. 18 U.S.C. § 924(e)(1). "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). To determine whether a state crime qualifies, courts apply the categorical approach. *United States v. Vereen*, 920 F.3d 1300, 1313 (11th Cir. 2019). This approach requires examining the elements of the state crime to determine if the minimal conduct which could result in a conviction satisfies the definition of an ACCA predicate. *Id.*; *United States v. Jackson*, 55 F.4th 846, 850 (11th Cir. 2022) ("[F]ederal law binds our construction of ACCA, and state law governs our analysis of elements of state-law crimes."). No crime which may be committed with the *mens rea* of recklessness satisfies the definition of violent felony. *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021) (plurality opinion).

Under the categorical approach, courts "consult the law that applied at the time of that conviction." *McNeill v. United States*, 563 U.S. 816, 820 (2011) (applying the statutes in effect at the time of the contested conviction). However, "[w]hen the Florida Supreme Court . . . interprets [a] statute, it tells us what that statute always meant," so prior differing interpretations do not alter whether convictions qualify, even if the conviction occurred while the

interpretation was binding. *United States v. Fritts*, 841 F.3d 937, 942–43 (11th Cir. 2016).

Florida law criminalizes "aggravated assault," defined as "an assault: (a) With a deadly weapon without intent to kill; or (b) With an intent to commit a felony." Fla. Stat. § 784.021(1) (1975) (amended 2021). The Florida Supreme Court, in 2022, interpreted aggravated assault to "require[] not just the general intent to volitionally take the action of threatening to do violence, but also that the actor direct the threat at a target, namely, another person." *Somers v. United States*, 355 So. 3d 887, 892–93 (Fla. 2022). We have held, in reliance on that interpretation, that Florida law aggravated assault requires knowing conduct and qualifies as a violent felony under ACCA. *Somers v. United States*, 66 F.4th 890, 894 (11th Cir. 2023).

We review whether Bryant's Florida law aggravated assault conviction qualifies under ACCA for plain error. Bryant was convicted of aggravated assault under Florida law in 1993. The Florida Supreme Court has interpreted the statute as requiring intent and we have, therefore, found that Florida aggravated assault convictions qualify under ACCA. This interpretation states what Florida law always was and prior interpretations of the statute, even if binding on the court wherein Bryant was convicted, make no difference. To the extent Bryant argues that he was not properly convicted under this interpretation of the statute, the validity of his conviction is not at issue. Therefore, Bryant's claim fails under plain error review.

### VI. Bryant's Prior Convictions Were Properly Determined to be Separate Offenses, Qualifying Him for ACCA Sentencing

ACCA only applies if the qualifying prior offenses occurred on separate occasions. 18 U.S.C. § 924(e)(1). We "determine whether two offenses occurred on the same 'occasion' based on the ordinary meaning of the word." *United States v. Penn*, 63 F.4th 1305, 1318 (11th Cir. 2023). "Several factors may be relevant to that determination: the amount of time between offenses, the proximity of the locations where the offenses occurred, and whether the offenses are part of the same scheme or achieve the same objective." *Id.* However, one factor may be dispositive. *Id.* For example, a defendant's two cocaine sales one month apart "no more occurred on the same occasion than two baseball games between the same teams at the same stadium one month apart." *Id.*

We have held that whether offenses occurred on separate occasions is a separate inquiry from the categorical approach used to determine whether the offense qualifies under ACCA. *Dudley*, 5 F.4th at 1258–59. Therefore, the district court need not rely solely on the elements of the prior offenses to determine if they occurred on the same occasion. *Id.*

A district court may rely on any statements in the PSR that the defendant did not object to "with specificity and clarity." *United States v. Bennett*, 472 F.3d 825, 832–33 (11th Cir. 2006). However, "[w]here a defendant objects to the factual basis of his sentence, the government has the burden of establishing the disputed fact."

*Id*. at 832. Notably, we have rejected the argument that *Descamps v. United States*[3] and *Mathis v. United States*[4] require jury trials to find separate occasions. *Dudley*, 5 F.4th at 1265.

We review the district court's findings that Bryant's prior offenses occurred on separate occasions for plain error. While Bryant initially objected to the facts of his prior offenses as described in the PSR, these objections appear to have been withdrawn or forfeited between the time the PSR was prepared and sentencing. Bryant agreed with the facts as reported in the PSR, twice stating at sentencing that he did not object to the facts in the PSR. Therefore, the district court was free to rely on those facts at sentencing. The facts reported by the PSR establish that Bryant's Florida law aggravated assault conviction and his two possessions with intent to distribute convictions occurred on different dates, separated by no less than seven days. They were, thus, on separate occasions, and Bryant's sentence withstands plain error review.

## VII.  Bryant's ACCA-Enhanced Sentence Does Not Plainly Violate the Fifth and Sixth Amendments

The argument that "judicially determining whether prior convictions were committed on different occasions from one another for [ACCA] purposes" violates the Fifth and Six Amendments has been "repeatedly rejected" by this court. *Dudley*, 5 F.4th at 1260. We have held that a defendant's prior convictions and the dates he

---

[3] 570 U.S. 254 (2013).

[4] 579 U.S. 500 (2016).

committed the crimes need not be alleged in the indictment, admitted in the defendant's plea, or proven beyond a reasonable doubt. *See id.* "[W]here there is evidence of confirmation of the factual basis for the plea by the defendant—be it express or implicit confirmation—a federal sentencing court is permitted to rely on those facts to conduct the different-occasions inquiry." *Id.* at 1262.

Because Bryant did not raise the issue below, we review this issue for plain error. As our precedent clearly affirms, the judicial determination of the different-occasions inquiry is not violative of the Fifth and Sixth Amendments. Here, Bryant confirmed the factual basis of his plea, and the district court used that information to determine his sentencing under ACCA. None of these acts infringed upon Bryant's Fifth or Sixth Amendment rights, and the district court did not err, much less plainly err, in sentencing Bryant in light of that information.

**AFFIRMED.**