[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10028

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES ALEXANDER SMITH, III,
a.k.a. Squirrel,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:21-cr-00005-AW-GRJ-1

———————————

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

James Alexander Smith, III, argues for the first time on appeal that the district court plainly erred in sentencing him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, he argues that (1) his prior Florida conviction for aggravated assault with a deadly weapon does not categorically constitute a violent felony for purposes of the ACCA because it can be committed by "reckless" conduct; and (2) his prior Florida conviction for sale of cocaine is not categorically a serious drug offense for purposes of the ACCA because it does not necessarily involve the conduct of distribution because it encompasses the mere "attempt" to distribute a controlled substance. Because both of Smith's claims are foreclosed by binding precedent, we affirm.

## I. Background

In 2021, Smith pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine (Count One), possession of a firearm during a drug-trafficking crime (Count Two), and possession of a firearm by a convicted felon (Count Three).[1] At sentencing, the district court determined that Smith

———————————

[1] The ACCA mandates a minimum term of imprisonment of 15 years for "a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, *committed on occasions*

22-10028                Opinion of the Court                3

qualified as an armed career criminal because he had three prior convictions for a violent felony or a serious drug offense.[2] Smith did not object. The district court sentenced Smith to a total of 240 months' imprisonment to be followed by 10 years' supervised release.[3] This appeal followed.

---

*different from one another.*" 18 U.S.C. § 924(e)(1) (emphasis added). Possession of a firearm by a convicted felon is a § 922(g) offense. *See* 18 U.S.C. § 922(g)(1). At the time of Smith's offense, without the ACCA enhancement, a violation of § 922(g) carried a statutory maximum of only 10 years' imprisonment. *Id.* § 924(a)(2) (2018). Notably, in 2022, Congress amended § 924 and a violation of § 922(g) without the ACCA enhancement now carries a statutory maximum of 15 years' imprisonment. *Id.* § 924(a)(8) (2022).

[2] Smith's presentence investigation report identified the following prior Florida convictions as supporting the ACCA enhancement: (1) possession of a controlled substance with intent to sell and sale of a controlled substance; (2) aggravated assault with a deadly weapon; (3) possession of cocaine (one conviction in 2002 and one in 2006); (4) possession of a controlled substance (one conviction in 2005 and one in 2018); and (5) sale of cocaine. At sentencing, the district court indicated that a number of these convictions did not qualify as ACCA predicates, but it did not specify which ones. Nevertheless, the district court determined that at least three of the listed convictions qualified as ACCA predicates, although it did not indicate on which offenses it relied. Smith did not object to either the PSI or the district court's ACCA determination.

[3] Specifically, the district court sentenced Smith to concurrent terms of 180 months' imprisonment on Counts I and III—the statutory mandatory minimum—and a consecutive term of 60 months' imprisonment on Count II—also the statutory mandatory minimum. *See* 18 U.S.C. §§ 924(c)(1)(A)(i), 924(e)(1).

## II.    Discussion

Smith argues for the first time on appeal that the district court erred in imposing an enhanced sentence under the ACCA because he did not have three qualifying convictions.[4] He contends that his prior Florida conviction for aggravated assault with a deadly weapon does not categorically qualify as a violent felony and that his prior Florida conviction for sale of cocaine does not categorically qualify as a serious drug offense.    Both of his challenges are foreclosed by binding precedent.

With regard to his conviction for Florida aggravated assault with a deadly weapon, Smith argues that it does not categorically qualify as a violent felony because it can be committed with a *mens rea* of recklessness, and in *Borden v. United States*, 141 S. Ct. 1817, 1821–22 (2021), the Supreme Court held that offenses with a *mens rea* of recklessness do not qualify as violent felonies for purposes of the ACCA's elements clause.    However, while Smith's appeal was pending in this Court, we rejected a virtually identical *Borden*-based challenge in *Somers v. United States* and held that "aggravated

---

[4] Because Smith failed to challenge the ACCA enhancement below, we review this claim for plain error only. *United States v. McKinley*, 732 F.3d 1291, 1295 (11th Cir. 2013).    Under this stringent standard, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, we may then exercise our discretion to correct the error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1296 (quotations and internal citation omitted). For an error to be plain, it must be "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (quotation omitted).

22-10028                  Opinion of the Court                  5

assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's element clause."  66 F.4th 890, 894–96 (11th Cir. 2023); *see also Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir. 2013) (holding pre-*Borden* that a Florida aggravated assault conviction categorically qualified as a violent felony under the ACCA).  We are bound by our decision in *Somers*, and it squarely forecloses Smith's claim.[5]  *See United States v. Archer*,

_____

[5] Smith points to prior decisions from Florida's intermediate appellate courts, which he argues demonstrates that, at the time of his aggravated assault conviction, Florida courts had construed the crime of aggravated assault to encompass reckless conduct.  However, our decision in *Somers* was premised on the Florida Supreme Court's response to a certified question concerning the necessary *mens rea* required for an aggravated assault conviction under Florida law.  *Somers*, 66 F.4th at 893.  As we explained in *Somers*, in response to the certified questions, "[t]he Florida Supreme Court . . . told us unambiguously that assault under Florida law requires a *mens rea* of at least knowing conduct; it cannot be committed recklessly.  [And] [w]hen the Florida Supreme Court . . . interprets [a] statute, it tells us what that statute always meant."  *Id.* at 896 (quotation omitted).  Thus, like Somers, Smith "cannot rely on earlier decisions of Florida's intermediate courts of appeal to avoid [the Florida Supreme Court's] clear holding" to the contrary.  *Id.*

To the extent Smith argues that the Florida Supreme Court essentially got the law wrong in response to the certified question, his arguments are unavailing as we are bound by the Florida Supreme Court's interpretation of Florida law.  *See Johnson v. United States*, 559 U.S. 133, 138 (2010) (explaining in the context of an ACCA challenge that "we are . . . bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements" of a particular state offense); *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) ("[F]ederal courts are bound by a state supreme court's interpretation of state law, including its determination of the elements of the underlying state offense.").

531 F.3d 1347, 1352 (11th Cir. 2008) (explaining that under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*").

Turning to Smith's conviction for sale of cocaine in violation of Fla. Stat. § 893.13(1)(a), he argues that it does not categorically qualify as a serious drug offense because it includes the mere attempted transfer of cocaine, and, therefore criminalizes a broader range of conduct than that embodied in the ACCA's definition of a serious drug offense.[6] As with his first claim, while Smith's appeal was pending in this Court, we rejected an identical challenge in *United States v. Penn* and held that Florida convictions for sale of cocaine categorically qualify as serious drug offenses for purposes of the ACCA. 63 F.4th 1305, 1310–17 (11th Cir. 2023). In so holding, we rejected the identical arguments that Smith makes here.[7] *See id.* at 1316–17. We are bound by our decision in *Penn*,

---

[6] The ACCA defines a "serious drug offense" as including "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). No one disputes that cocaine is a controlled substance and that a violation of § 893.13(1)(a)(1) involving cocaine is punishable by up to 15 years' imprisonment. *See* Fla. Stat. §§ 893.13(1)(a)(1), 893.03(2)(a)4, 775.082(3)(d).

[7] Specifically, we rejected the argument that the sale of cocaine under Florida law—which includes attempted transfers—does not satisfy the requirements

22-10028                Opinion of the Court                    7

and it squarely forecloses Smith's claim.[8]  *See Archer*, 531 F.3d at 1352.

Accordingly, Smith's claims are foreclosed by binding precedent, and, therefore, he cannot show that any error, much less plain error occurred.  Consequently, we affirm.

**AFFIRMED.**

---

set forth in *Shular v. United States*, 140 S. Ct. 779 (2020), because the attempted transfer of a controlled substance does not "necessarily entail" the conduct of distributing.  *Penn*, 63 F.4th at 1316.  As in *Penn*, "*Shular'*s use of the phrase 'necessarily entail[s]' does not help [Smith].  Because 'distributing' means attempting to transfer drugs, Florida law's proscription of attempted transfers is a proscription of distribution itself.  There is a perfect match between what the state offense proscribes and what is 'distributing.'"  *Id*.  In other words, "[t]he conduct that Section 893.13(1)(a) prohibits—attempting to transfer—is not merely related to distributing, it is 'distributing.'  *Shular'*s reading of 'involving' as 'necessarily entails' has no bearing on this case."  *Id*.

Likewise, we also rejected the argument that sale of cocaine under Florida law could not be a serious drug offense because it encompasses attempted transfers, which is an inchoate offense.  *See id*.  We reasoned that "Florida's prohibition on drug sales, even if defined to include an attempted transfer, is not an inchoate offense.  Rather, . . . attempts to transfer drugs are part of completed sale offenses."  *Id*. (emphasis omitted).

[8]  After our decision in *Penn*, the government filed a notice of supplemental authority arguing that *Penn* squarely foreclosed Smith's challenge to the qualification of his sale of cocaine conviction as an ACCA predicate.  In response, Smith filed a notice of supplemental authority requesting that we hold the appeal in abeyance pending the resolution of a petition for rehearing en banc that had been filed in the *Penn* case.  We deny Smith's request to hold his appeal in abeyance as moot because the petition for rehearing en banc in *Penn* has since been denied.