[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-11484

Non-Argument Calendar

_____

FRED SOMERS,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:16-cv-00017-RH-MJF

_____

Before JILL PRYOR, ANDERSON, and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Fred Somers appeals the district court's denial of his § 2255 habeas petition to vacate his sentence of 211 months' imprisonment on the ground that he was sentenced as an armed career criminal but does not qualify as one. He argues that his prior conviction in Florida for aggravated assault with a deadly weapon cannot serve as a predicate offense under the Armed Career Criminal Act ("ACCA") because it can be committed with a *mens rea* of recklessness, and that, without this predicate offense, he does not have three qualifying convictions, and he must be resentenced.

After careful review, and with the benefit of the Florida Supreme Court's answer to our certified questions, we are persuaded that aggravated assault under Florida law requires a *mens rea* of at least knowing conduct and, accordingly, that it qualifies as an ACCA predicate offense under *Borden v. United States*, 141 S. Ct. 1817 (2021). Somers therefore has the requisite three predicate offenses under the ACCA, and he was properly sentenced by the district court as an armed career criminal. We affirm.

I.

On November 2, 2012, Somers pled guilty in the United States District Court for the Northern District of Florida to one count each of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a), and possession of an

unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. He was sentenced to a 211-month term of imprisonment on the felon-in-possession charge -- which reflected a sentencing enhancement under the ACCA -- and a 120-month term of imprisonment on the other charge, to run concurrently. Relevant for our purposes, one of the necessary predicate offenses for the ACCA enhancement was a Florida conviction for aggravated assault with a deadly weapon. The other predicate offenses that formed the basis for the sentencing enhancement were Florida convictions for resisting arrest with violence and battery on a law enforcement officer; false imprisonment; burglary of a structure; and a Maryland conviction for conspiracy to distribute heroin. Somers appealed his sentence, and we affirmed. *United States v. Somers*, 591 F. App'x 753 (11th Cir. 2014) ("*Somers I*").

On February 9, 2016, with about three years of his sentence down and many more to go, Somers filed an amended petition pursuant to 28 U.S.C. § 2255 to vacate his sentence in the district court. He argued, among other things, that he no longer qualified as an armed career criminal after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 597 (2015), which declared the ACCA's residual clause -- relied on by the government for two of Somers's predicate offenses, burglary and false imprisonment -- unconstitutionally vague. Without these two convictions, which all agree cannot support an ACCA enhancement under current law, the three predicate offenses relied on by the government to support Somers's sentence are: Florida convictions for (1) aggravated

assault in violation of Fla. Stat. § 784.021 and (2) resisting arrest with violence and battery on a law enforcement officer in violation of Fla. Stat. §§ 843.01 and 784.07, respectively; and (3) a Maryland conviction for conspiracy to distribute heroin in violation of the state's common law.

Somers also challenged in his habeas petition whether the remaining three offenses could qualify as ACCA predicates. He argued that his conviction for resisting arrest lacked the *mens rea* needed to qualify under the ACCA's elements clause and that his heroin conviction had not been established. Somers further claimed, in his reply brief, that his aggravated assault conviction lacked the *mens rea* needed to qualify under the elements clause.

After considering a Report and Recommendation from a magistrate judge, the district court denied the motion. It ruled that even without the two predicate offenses under the residual clause, Somers had three qualifying predicates "under the law of the circuit" so "*Johnson's* invalidation of the 924(e) residual clause made no difference" for purposes of Somers's sentence. But the district court granted Somers a certificate of appealability on only one question: "whether a Florida conviction for aggravated assault is a violent felony under the 18 U.S.C. § 924(e) element clause, as held in *Turner v. Warden Coleman FCI*, 709 F.3d 1328 (11th Cir. 2013), or is not a violent felony under the element clause because it can be committed recklessly, *see United States v. Golden*, 854 F.3d 1256, 1257–58 (11th Cir. 2017) (Jill Pryor, J., concurring)."

Somers appealed on that issue.  He reasoned that because aggravated assault in Florida can be committed with a *mens rea* of recklessness, it cannot serve as an ACCA predicate under this Court's decision in *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010).  We rejected this argument, finding that the controlling precedent was *Turner* and that we were bound by this precedent to hold that Florida aggravated assault qualifies as a violent felony under the ACCA's elements clause.  *Somers v. United States*, 799 F. App'x 691, 693 (11th Cir. 2020) ("*Somers II*"), *vacated and superseded on reh'g*, 15 F.4th 1049 (11th Cir. 2021) ("*Somers III*").

Somers petitioned for rehearing, and we held the mandate in abeyance pending the Supreme Court's decision in *Borden*, which presented the question of whether a criminal offense qualifies as a "violent felony" for ACCA purposes if it can be committed with a *mens rea* of recklessness.  141 S. Ct. at 1821–22.  After the Supreme Court decided *Borden*, holding that a reckless offense does not qualify, *id.* at 1829–30 n.6, we requested additional briefing from the parties, granted Somers's petition for rehearing, and vacated *Somers II*.  *Somers III*, 15 F.4th at 1051.  Because Florida's intermediate courts of appeal were divided on the *mens rea* required to commit aggravated assault under Florida law, we also certified two questions to the Florida Supreme Court:

1. Does the first element of assault as defined in Fla. Stat. § 784.011(1) -- "an intentional, unlawful

threat by word or act to do violence to the person
of another" -- require specific intent?

2. If not, what is the *mens rea* required to prove that
element of the statute?

The Florida Supreme Court did not respond directly to our
questions; instead, it rewrote them, as it was free to do, *see United
States v. Conage*, 976 F.3d 1244, 1263 (11th Cir. 2020), and an-
swered its own: "Does the first element of the assault statute, sec-
tion 784.011(1), require not just the general intent to volitionally
take the action of threatening to do violence but also that the actor
direct the threat at a target, namely another person?" *Somers v.
United States*, 355 So. 3d 887, 891 (Fla. 2022). It answered this ques-
tion affirmatively, holding that the Florida statute demands the spe-
cific intent to direct a threat at another person and therefore cannot
be violated by a reckless act. *Id.* at 892–93.

## II.

When reviewing the denial of a § 2255 petition, we review
questions of law *de novo* and findings of fact for clear error. *McKay
v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). We also re-
view *de novo* whether a conviction qualifies as a violent felony un-
der the ACCA's elements clause. *United States v. Deshazior*, 882
F.3d 1352, 1354 (11th Cir. 2018).

This appeal hinges on a single question: whether aggravated
assault in Florida qualifies as a "violent felony" under the elements
clause of the ACCA. The answer turns on whether aggravated

assault can be committed in Florida with a *mens rea* of reckless-ness. As we now understand Florida law, aggravated assault cannot be committed with a *mens rea* of recklessness. It requires knowing conduct, and it therefore qualifies as a "violent felony" under the ACCA.

First, the basics. To qualify for an ACCA enhancement, a defendant must have three prior convictions for either "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Here, we are concerned only with the first category. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that --
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another[.]

*Id.* § 924(e)(2)(B). This definition is often referred to as the "elements clause."

To determine whether an offense falls within the reach of the elements clause, we employ the categorical approach. *Borden*, 141 S. Ct. at 1822 (plurality opinion). "Under that by-now-familiar method . . . the facts of a given case are irrelevant. The focus is instead on whether the elements of the statute of conviction meet the federal standard." *Id.* In this case, "that means asking whether [the Florida] offense necessarily involves the defendant's 'use, attempted use, or threatened use of physical force against the person

of another.'" *Id.* (citation omitted).  If the "least of the acts crimi-nalized" does, "the offense categorically qualifies as a violent felony under the ACCA's elements clause." *United States v. Oliver*, 962 F.3d 1311, 1316 (11th Cir. 2020) (citation omitted).  So we begin with the statutory elements of aggravated assault in Florida.

Under Florida law, an aggravated assault is "an assault: (a) With a deadly weapon without intent to kill; or (b) With an intent to commit a felony."  Fla. Stat. § 784.021(1).  An assault, in turn, is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."  *Id.* § 784.011(1).  Putting the Florida definition and the federal definition together, we must determine whether "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent" "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*; 18 U.S.C. § 924(e)(2)(B).

The Florida Supreme Court has told us that, based on the plain language of the Florida statute, assault under Florida law re-quires a *mens rea* of at least knowing conduct and "an intentional threat to do violence to another person," *Somers*, 355 So. 3d at 891 -- or, in other words, a "specific intent to use, attempt to use, or threaten to use physical force against the person of another," *Somers III*, 15 F.4th at 1054.  To arrive at this conclusion, the Florida

Supreme Court relied on dictionary definitions for "threat" and "violence" and emphasized that, with respect to the former, the "threat" must include "an intent . . . to do violence to another" and, with respect to the latter, the violence must specifically be directed "to the person of another." *Somers*, 355 So. 3d at 891–92. Thus, the Florida Supreme Court explained that

> Whether or not section 784.011(1) requires "specific intent" under any particular understanding of that term, it certainly demands the intentional directing of action or "[s]pecific intent to direct action at another" to which *Somers* [*III*] refers. This is especially true considering that the statute contemplates the existence of "such other person" who has developed a well-founded fear that such violence is imminent as a result of the threat.

*Id.* at 892. So a reckless act will not suffice. *Id.* And "[t]he fact that an assault cannot be committed by a reckless act under Florida law means that a violation of section 784.011(1) requires at least knowing conduct." *Id.* The Florida Supreme Court's interpretation of Florida law is determinative here. *See United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) ("[F]ederal courts are bound by a state supreme court's interpretation of state law, including its determination of the elements of the underlying state offense."). Thus, *Borden* poses no problem to Somers's ACCA-enhanced sentence.

Somers resists this conclusion.  He argues that we should disregard the Florida Supreme Court's answer to its rewritten certified question because the Florida Supreme Court misread *Borden* by not construing the narrowest reasoning of the Supreme Court as its holding.  As Somers sees it, the Florida Supreme Court focused too heavily on the *Borden* plurality's analysis of the "against another" language in the ACCA instead of the narrowest holding of the majority, which was only that the elements clause excludes reckless conduct.  *Borden*, 141 S. Ct. at 1829–30 n.6.  Somers urges us to disregard the Florida Supreme Court's opinion and hold that aggravated assault under Florida law does not satisfy the elements clause because at least one opinion from a Florida intermediate court of appeal has held that proof of an intent to cause harm is not necessary to establish a Florida assault.

As we have previously explained, in *Borden* a divided Supreme Court held that the ACCA's elements clause "does not include offenses that criminalize reckless conduct; it covers only offenses that require a *mens rea* of knowledge or intent."  *United States v. Carter*, 7 F.4th 1039, 1041 (11th Cir. 2021).  The four-justice plurality opinion based this conclusion on the "against another person" language in the ACCA; it reasoned that offenses with a *mens rea* of recklessness "do not require, as ACCA does, the active employment of force against another person."  *Borden*, 141 S. Ct. at 1834.  In a concurring opinion, Justice Thomas, who supplied the fifth vote for the majority holding, relied on different language to reach the same conclusion.  He explained that offenses with a *mens*

*rea* of recklessness do not qualify under the ACCA because "crime[s] that can be committed through mere recklessness do[ ] not have as an element the 'use of physical force' because that phrase 'has a well-understood meaning applying only to intentional acts designed to cause harm.'" *Id.* at 1835 (Thomas, J., concurring in the judgment) (quoting *Voisine v. United States*, 579 U.S. 686, 713 (2016) (Thomas, J., dissenting)). So the narrowest holding of the five-justice majority -- which is what we are bound by, *see Marks v. United States*, 430 U.S. 188, 193 (1977) -- was only that the elements clause excludes reckless conduct. *Borden*, 141 S. Ct. at 1829–30 n.6.

Somers is correct that the Florida Supreme Court never said, in as many words, that assault under Florida law is a "specific intent crime." But it didn't need to. *Borden* only held that offenses that can be committed with a *mens rea* of recklessness do not satisfy the elements clause of the ACCA. *Id.* Somers concedes this point but argues that his enhanced sentence runs afoul of *Borden* anyway because aggravated assault can be committed recklessly in Florida. As a matter of Florida law, Somers is plainly wrong. The Florida Supreme Court has told us unambiguously that assault under Florida law requires a *mens rea* of at least knowing conduct; it cannot be committed recklessly. *Somers*, 355 So. 3d at 892. "When the Florida Supreme Court . . . interprets [a] statute, it tells us what that statute always meant." *United States v. Fritts*, 841 F.3d 937, 943 (11th Cir. 2016); *see also Rivers v. Roadway Express, Inc.*, 511 U.S.

298, 312–13 (1994).  Somers cannot rely on earlier decisions of Florida's intermediate courts of appeal to avoid this clear holding.

In short, we hold that aggravated assault under Florida law categorically qualifies as a "violent felony" under the ACCA's elements clause.  Somers was convicted of three offenses that qualify as ACCA predicates and the district court properly classified him as an armed career criminal.

**AFFIRMED**.