[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-11934

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ARTHUR LASHERYL MORGAN,
a.k.a. Tarrance Pace,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20542-CMA-1

_____

Before ROSENBAUM, JILL PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Arthur Morgan appeals his 42-month sentence for possession of ammunition as a convicted felon, asserting the district court improperly calculated his base offense level based on a determination that his prior Florida conviction for aggravated assault with a firearm was a crime of violence. The Government responds by moving for summary affirmance, contending this Court has held that Florida aggravated assault is a crime of violence.

After review,[1] we grant the Government's motion for summary affirmance because it has met its burden of showing its position is clearly correct as a matter of law. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). We recently held that Florida aggravated assault cannot be committed recklessly and thus

_____

[1] We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Guidelines. *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

qualifies as a violent felony under the elements clause of the ACCA. *Somers v. United States*, 66 F.4th 890, 894-96 (11th Cir. 2023) (holding Florida aggravated assault categorically qualifies as a violent felony under the ACCA's elements clause because aggravated assault requires a *mens rea* of at least knowledge and not recklessness). Because the elements clause in the ACCA's definition of violent felony is virtually identical to the elements clause in the definition of a crime of violence in the Guidelines, we also rely on *Somers* for the proposition that Florida aggravated assault is a crime of violence under the elements clause in U.S.S.G. § 4B1.2(a).  *See United States v. Ochoa*, 941 F.3d 1074, 1107 (11th Cir. 2019) (stating because the elements clauses in the definitions of "crime of violence" in § 4B1.2 and "violent felony" in the ACCA are "virtually identical," we look to decisions applying the ACCA for guidance in considering whether an offense qualifies as a crime of violence under the Guidelines, and vice versa).

Accordingly, because the Government's position is clearly correct as a matter of law, we GRANT the Government's motion for summary affirmance.  *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**