[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14797

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAXSONY COISSY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cr-60365-AHS-1

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

On February 12, 2020, Maxsony Coissy pleaded guilty to distributing fentanyl and heroin and to knowingly possessing a firearm as a convicted felon. Coissy appeals his sentence, arguing that the district court improperly calculated his base offense level and improperly sentenced him as a career offender under the Sentencing Guidelines. We disagree and affirm.

After Coissy pleaded guilty to his crimes, the district court determined that he had committed at least two prior offenses that qualified as either a "crime of violence" or a "controlled substance offense" as defined by the Guidelines. Specifically, in 2003, Coissy was convicted for aggravated assault under Florida law—a "crime of violence." And in 2018, Coissy was convicted under Florida law of possessing heroin with intent to sell—a "controlled substance offense." The categorization of these two offenses as predicate offenses affected both Coissy's base offense level under § 2K2.1(a)(1) and his career offender enhancement under § 4B1.1.

On appeal, Coissy argues that neither of these is a predicate offense. *First*, he argues that a Florida conviction for aggravated assault is not a crime of violence under the Guidelines because it may be committed with a *mens rea* of recklessness. And *second*, he argues that his prior drug conviction is not a "controlled substance offense" under the Guidelines because the Florida offense does not

require knowledge of the illicit nature of the controlled substance. Both of these arguments are foreclosed by our precedent.

In his supplemental briefing, Coissy acknowledges that this Court's recent decision in *Somers v. United States* completely resolves the first issue on appeal. 66 F.4th 890 (11th Cir. 2023). He concedes that his Florida aggravated assault conviction qualifies as a crime of violence for the purposes of the Guidelines. We agree. In *Somers*, a panel of this Court determined that, because aggravated assault under Florida law requires a *mens rea* of at least knowing conduct, it qualifies as a "violent felony" under the Armed Career Criminal Act's elements clause. *Id.* at 894. The reasoning in *Somers* applies equally to the elements clause in the Guidelines, given its "virtually identical" definition of "violent felony." *See United States v. Ochoa*, 941 F.3d 1074, 1107 (11th Cir. 2019). We have no trouble concluding that Coissy's conviction for aggravated assault under Florida law is a predicate violent offense for the purposes of the Guidelines.

Coissy's second argument is similarly foreclosed by our precedent—a fact he also acknowledges. In *United States v. Smith*, we determined that the Guidelines' definition of "controlled substance offense" does not "require[] that a predicate state offense include[] an element of *mens rea* with respect to the illicit nature of the controlled substance." 775 F.3d 1262, 1268 (11th Cir. 2014). Accordingly, *Smith* concluded that Fla. Stat. § 893.13—the same provision Coissy was convicted of violating—was a controlled substance offense for the purposes of the Guidelines. *Id.*

Coissy suggests that this Court is not bound by *Smith* because that decision conflicts with the Supreme Court's decisions in *Elonis v. United States*, 575 U.S. 723 (2015), and *McFadden v. United States*, 576 U.S. 186 (2015). But we have since affirmed *Smith*'s holding, and we remain "bound by *Smith* unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this Court sitting en banc." *United States v. Bishop*, 940 F.3d 1242, 1254 (11th Cir. 2019).[1]

In sum, Coissy's aggravated assault conviction is a "crime of violence," and his conviction for possession of heroin with intent to deliver or sell is a "controlled substance offense." The district court did not err by calculating Coissy's base offense level under guideline 2K2.1(a)(1) or by classifying him as a career offender under guideline 4B1.1. Accordingly, we **AFFIRM**.

---

[1] In his supplemental briefing, Coissy raises additional arguments about why his prior drug conviction is not a controlled substance offense. He argues that a "controlled substance offense" under the Guidelines is defined by federal law, and that his predicate offense does not qualify because Florida's definition of "heroin" is broader than that under the federal Controlled Substances Act. We decline to entertain these new arguments that appear neither in Coissy's initial nor reply brief. *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000). Even if we were to entertain them, however, Coissy's arguments are foreclosed by this Court's decision in *United States v. Dubois*, 94 F.4th 1284, 1294–1300 (11th Cir. 2024).