[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13578

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLEMS CALIXTE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cr-60153-WPD-1

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Willems Calixte, Jr. appeals his conviction and sentence for possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g). On appeal, Calixte challenges the applicability of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") and the constitutionality of 18 U.S.C. § 922(g). After careful review of the parties' arguments, we affirm.

**I**

We review de novo whether a prior state conviction qualifies as a "violent felony" under the ACCA. *See United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014). However, "we review unpreserved sentencing objections only for plain error." *United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019).

The ACCA requires that any person who violates 18 U.S.C. § 922(g) serve a mandatory minimum sentence of 15 years when he has three prior convictions for violent felonies or serious drug offenses committed on separate occasions. 18 U.S.C. § 924(e)(1). In *Borden v. United States*, the Supreme Court concluded that a criminal offense with a *mens rea* of recklessness cannot qualify as a "violent felony" under the ACCA's elements clause to enhance a

defendant's sentence.  593 U.S. 420, 423–24, 429 (2021) (plurality opinion); *id.* at 446 (Thomas, J., concurring).[1]

In *Somers v. United States*, we relied on the Florida Supreme Court's determination that state-law aggravated assault requires a *mens rea* of at least knowing conduct and could not be committed recklessly to hold that Florida aggravated assault "categorically qualifies" as a violent felony under the ACCA's elements clause, even after *Borden*.  66 F.4th 890, 896 (11th Cir. 2023).  And in *United States v. Fritts*, we held that a conviction under Florida's armed-robbery statute "categorically qualifies" as a violent felony under the ACCA based on the Florida Supreme Court's interpretation that a violent act was required.  841 F.3d 937, 942–43 (11th Cir. 2016).

Under the prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Here, as an initial matter, because Calixte failed to challenge the applicability of the ACCA before the district court, we review his current arguments only for plain error.  *Corbett*, 921 F.3d at 1037.  We find no error, plain or otherwise, because Calixte's

---

[1] When the Supreme Court decides a case and "no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds."  *Marks v. United States*, 430 U.S. 188, 193 (1977) (quotation marks omitted).

arguments that his aggravated assault and armed robbery convictions are not violent felonies under the ACCA are foreclosed by our binding precedent. *Somers*, 66 F.4th at 890, 896; *Fritts*, 841 F.3d at 942–43. To the extent that Calixte contends that our precedent was overturned by *Borden*, we disagree; that decision did not overturn or undermine our previous holdings to the point of abrogation. *See Somers*, 66 F.4th at 895–96; *Archer*, 531 F.3d at 1352.[2]

Accordingly, we affirm in this respect.

## II

Under federal law, a person who has been convicted of a crime punishable by more than one year's imprisonment may not possess a firearm or ammunition that has moved through interstate or foreign commerce. 18 U.S.C. § 922(g)(1). In *United States v. Rozier*, we held that § 922(g)(1)'s prohibition on possession of firearms by felons was a "constitutional avenue to restrict the Second Amendment right of certain classes of people." 598 F.3d 768, 771 (11th Cir. 2010). We have since held that *Rozier* was not abrogated by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024). Therefore, Calixte's argument that § 922(g)(1) violates the Second Amendment in light of *Bruen* is foreclosed by our binding precedent.

---

[2] Because at least three of Calixte's prior felonies were qualifying violent felonies under our binding precedent, we decline to examine whether a Florida armed-kidnapping conviction qualifies as a violent felony.

21-13578                Opinion of the Court                5

Accordingly, we affirm in this respect as well.

**AFFIRMED.**