[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10752

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEVIN LAMAR RATLIFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:08-cr-00038-RH-MAL-2

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Kevin Lamar Ratliff, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government has moved for summary affirmance. We grant the government's motion.

**I.**

In 2008, a jury found Ratliff guilty of possessing with intent to distribute five grams or more of crack cocaine and conspiring to distribute or possess with intent to distribute five grams or more of crack cocaine. Given the jury's drug quantity finding and because Ratliff admitted that he had a previous conviction for possession of cocaine with intent to sell or deliver, he faced a penalty range of 10 years to life. *See* 21 U.S.C. § 841(b)(1)(B) (2008) (setting a penalty range of 10 years to life when a defendant commits an offense involving five grams or more of crack cocaine after a previous conviction for a felony drug offense).

Before sentencing, a probation officer prepared a presentence investigation report ("PSR"). The PSR concluded that the Sentencing Guidelines' career offender enhancement applied because Ratliff's instant offense was a "controlled substance offense" and he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sent'g Guidelines Manual § 4B1.1. The PSR reported that Ratliff had convictions

in Florida for aggravated assault with a deadly weapon in 1999 and possession of cocaine with intent to sell in 2003. At the sentencing hearing, over Ratliff's objection, the district court applied the career offender enhancement. It ultimately imposed a sentence of 360 months' imprisonment, which was at the low end of the applicable guidelines range.

After Ratliff was sentenced, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from five grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). The Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after its effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Congress later passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gave district courts the discretion to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act to movants sentenced before those penalties became effective. *See* First Step Act § 404. Based on the First Step Act, the district court reduced Ratliff's sentence to 262 months' imprisonment.

Since the district court reduced his sentence, Ratliff has filed several more motions seeking further reductions to his sentence, all of which the district court has denied.

Ratliff's most recent motion, filed in December 2023, sought a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). To be eligible for a sentence reduction under § 3582(c)(1)(A), Ratliff had to show, among other things, that extraordinary and compelling reasons warranted a sentence reduction. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).

To establish extraordinary and compelling reasons, Ratliff looked to § 1B1.13 of the Sentencing Guidelines. Section 1B1.13(b) lists several situations when extraordinary and compelling circumstances exist, including when there has been a "change in the law." U.S.S.G. § 1B1.13(b)(6). To be eligible for a sentence reduction based on a change in the law, a defendant must show: (1) he "received an unusually long sentence"; (2) he "has served at least 10 years of the term of imprisonment"; and (3) because of a change in the law, there is a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.*

Ratliff argued that because of changes in the law, he no longer would qualify as a career offender and thus there was a gross disparity between the 262-month sentence he was serving and the sentence likely to be imposed if he was being sentenced at the time his motion was filed. He pointed to two changes in the law related to the career offender enhancement.

First, he argued that after this Court's en banc decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), his instant offense no longer qualified as a controlled substance offense for purposes of the career offender guideline. In *Dupree*, we held that a conviction for a conspiracy offense involving drugs did not qualify as a controlled substance offense for purposes of the career offender guideline. *Id.* at 1271. We reached this conclusion because the definition of "controlled substance offense" in the Sentencing Guidelines did not include conspiracy or other inchoate crimes. *Id.* at 1277 (citing U.S.S.G. § 4B1.2(b)). We acknowledged that in commentary to the Guidelines the Sentencing Commission purported to expand the definition of controlled substance offense to include inchoate crimes. *Id.* at 1273 (citing U.S.S.G. § 4B1.2(b) cmt. n.1). But because the definition of a controlled substance offense in the career offender guideline was unambiguous, we concluded that we could not consider the commentary. *See id.* at 1277–78. Based on *Dupree*, Ratliff asserted that his conspiracy conviction no longer qualified as a controlled substance offense, and as a result the career offender guideline would not apply.

Second, Ratliff argued that he no longer had two predicate convictions because after the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021), his Florida conviction for aggravated assault with a deadly weapon no longer qualified as a crime of violence. In *Borden*, the Supreme Court held that a criminal offense did not qualify as a violent felony for purposes of the elements clause of the Armed Career Criminal Act ("ACCA") if it could be committed with a *mens rea* of recklessness. *Id.* at 423.

According to Ratliff, *Borden* also meant that a crime that required only a *mens rea* of recklessness did not qualify as a crime of violence under the career offender guideline. Because Florida aggravated assault could be committed by mere recklessness, Ratliff argued, it no longer qualified as a crime of violence.

The district court denied Ratliff's motion for a sentence reduction, rejecting his argument he would no longer qualify as a career offender. The court concluded that one of Ratliff's instant offenses remained a controlled substance offense. It explained that the jury had convicted Ratliff of two offenses: (1) conspiring to distribute or possess with intent to distribute crack cocaine, as well as (2) the substantive offense of possessing with intent to distribute crack cocaine. The district court determined that nothing in *Dupree* called into question that the substantive offense continued to qualify as a controlled substance offense.[1]

The district court also rejected Ratliff's argument that his Florida aggravated assault conviction no longer qualified as a crime of violence. It cited this Court's decision in *Somers v. United States*, 66 F.4th 890 (11th Cir. 2023), which recognized that Florida aggravated assault required more than a *mens rea* of recklessness.

Because Ratliff would remain a career offender, the district court concluded that there was "no gross disparity between []

---

[1] The district court also pointed out that, after *Dupree*, the Sentencing Commission amended the career offender guideline to expand the definition of controlled substance offense to include conspiracy offenses.

Ratliff's sentence and the sentence that would be imposed under like circumstances today," meaning § 1B1.13(b)(6) did not authorize a sentence reduction. Doc. 324 at 6.[2] The court further concluded, in the alternative, that even if Ratliff was eligible for a sentence reduction, it would not exercise its discretion to award one after considering the sentencing factors set forth at 18 U.S.C. § 3553(a).

This is Ratliff's appeal.

## II.

Summary disposition is appropriate either where time is of the essence, such as in "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

---

[2] "Doc." numbers refer to the district court's docket entries.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

### III.

A district court has no inherent authority to modify a defendant's sentence; it may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A federal statute authorizes a district court to reduce a term of imprisonment when three requirements are satisfied: (1) there are "extraordinary and compelling reasons" for granting a sentence reduction; (2) "the § 3553(a) sentencing factors favor" a reduction; and (3) awarding a sentence reduction "wouldn't endanger any person or the community." *Tinker*, 14 F.4th at 1237 (citing 18 U.S.C. § 3582(c)(1)(A)). If the district court finds that a movant failed to satisfy even one of these requirements, it cannot grant relief and need not analyze the remaining requirements. *See Giron*, 15 F.4th at 1347–48.

Section 1B1.13 of the Sentencing Guidelines governs when extraordinary and compelling reasons warrant a sentence reduction. In November 2023, the Sentencing Commission amended § 1B1.13 to expressly authorize sentence reductions based on changes in the law. *See* U.S.S.G. app. C, amend. 814. As amended, § 1B1.13 states that if "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason" for a sentence reduction. U.S.S.G. § 1B1.13. But a court may grant a reduction only when the change in law "would produce a gross disparity between the sentence being served and the sentence likely

to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id.*

Ratliff argues that because of changes in the law, he would not qualify as a career offender, and thus there is a gross disparity between the sentence he is currently serving and the sentence likely to be imposed if he were being sentenced at the time he filed his motion for a sentence reduction. Ratliff says that he no longer would be treated as a career offender based on two changes in the law: (1) this Court's en banc decision in *Dupree*, which established that his instant offense no longer qualified as a controlled substance offense, and (2) the Supreme Court's decision in *Borden*, which established that his previous felony conviction for Florida aggravated assault no longer qualified as a crime of violence.[4] We agree with

---

[4] After submitting his initial brief, Ratliff raised a third argument about a change in law related to career offender status. He says that under the Supreme Court's recent decision in *Erlinger v. United States*, 144 S. Ct. 1840 (2024), he no longer would qualify as a career offender because the question of whether he committed his two predicate offenses on different occasions was not submitted to a jury.

Even assuming that this new issue is properly before us, we conclude that *Erlinger* has no effect on Ratliff's status as a career offender. In *Erlinger*, the Supreme Court addressed whether, when a defendant faces an enhanced statutory penalty range under the ACCA because he had three previous convictions for a violent felony or a serious drug offense, a unanimous jury must find beyond a reasonable doubt that the past offenses were committed on separate occasions. *Id.* at 1846. Because the ACCA increases a defendant's statutory maximum penalty, the Court held that a unanimous jury must find beyond a reasonable doubt that the past offenses occurred on different occasions. *Id.* at 1851–52.

the government that summary affirmance is appropriate because the district court was clearly right as a matter of law in concluding that these changes have no impact on Ratliff's status as a career offender.

We begin with Ratliff's argument that because he was convicted of conspiracy to distribute or possess with intent to distribute crack cocaine, after *Dupree*, his instant offense no longer qualifies as a controlled substance offense. He overlooks that he was convicted of **two** drug offenses in this case. And there is no question that Ratliff's other conviction—for possession with intent to distribute crack cocaine—remains a controlled substance offense for career offender purposes.

Ratliff's other argument fares no better. He argues, based on the Supreme Court's decision in *Borden*, that his Florida conviction for aggravated assault no longer qualifies as a crime of violence because this offense may be committed with a *mens rea* of recklessness.

This argument is foreclosed by precedent. We recently held that Florida aggravated assault cannot be committed recklessly and

---

But nothing in *Erlinger* says that a jury must make a factual finding beyond a reasonable doubt about whether the defendant's past offenses were committed on different occasions when the district court is applying a career offender enhancement under the Sentencing Guidelines. For purposes of the career offender enhancement, no jury finding is required because this sentencing enhancement does not change the defendant's statutory penalty range. *See* U.S.S.G. § 4B1.1. We thus reject Ratliff's argument that *Erlinger* would impact whether the career offender enhancement applied.

thus qualifies as a violent felony under the elements clause of the ACCA. *Somers*, 66 F.4th at 894. Because the elements clause in the ACCA's definition of violent felony is virtually identical to the elements clause in the definition of a crime of violence in the Guidelines, Florida aggravated assault remains a crime of violence under the career offender guideline. *See United States v. Ochoa*, 941 F.3d 1074, 1107 (11th Cir. 2019).

It is clear as a matter of law that the district court did not err in concluding that Ratliff failed to identify a change in the law that would create a gross disparity between his current sentence and the sentence that likely would be imposed if he were being sentenced at the time he filed his motion for a sentence reduction. Because he did not establish an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b), he was not eligible for a sentence reduction. Accordingly, we GRANT the government's motion for summary affirmance of the district court's order denying compassionate release. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**[5]

---

[5] Ratliff's "Motion for Leave to Respond Out of Time" is GRANTED.