**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12161

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KEITH TAYLOR,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:14-cr-80048-DMM-1

_____

Before JORDAN, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Keith Taylor, proceeding *pro se*, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for sentence reduction and motion for reconsideration. Taylor sought to reduce his 276-month

sentence for felon in possession of a firearm and possession of cocaine with intent to distribute. The district court denied Taylor's sentence-reduction motion because (1) Taylor failed to show the existence of any extraordinary and compelling reasons for a sentence reduction, (2) Taylor would pose a danger to the community if he was released, and (3) the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction. After review,[1] we affirm.

A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if (1) there are extraordinary and compelling reasons for doing so, (2) doing so would not endanger any person or the community, and (3) the § 3553(a) factors favor doing so. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A district court may deny a sentence-reduction motion based on any one of those grounds. *Id.* at 1237-38. One extraordinary and compelling circumstance that could warrant a sentence reduction is if the defendant is serving an unusually long sentence and there is an intervening change in the law that creates a "gross disparity" between the defendant's current sentence and the sentence likely to be imposed at the time the sentence-reduction motion is filed. U.S.S.G. § 1B1.13(b)(6).

---

[1] We review *de novo* whether a defendant is eligible for a sentence reduction and review for abuse of discretion a district court's denial of an eligible defendant's sentence-reduction motion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). We review for abuse of discretion a denial of a motion for reconsideration. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

When he was sentenced in 2014, Taylor was designated as a career offender under U.S.S.G. § 4B1.1(a) based on, among other convictions, his 1993 conviction of the Florida offense of attempted robbery with a firearm, which significantly enhanced his guideline range. A defendant is designated as a career offender and is thus subjected to an enhanced guideline range if (1) his instant offense of conviction is either a crime of violence or a controlled substance offense, and (2) he has at least two prior convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Taylor asserted that Florida attempted robbery is no longer a crime of violence that supports a career-offender designation under U.S.S.G. § 4B1.2(a), so he would not be designated as a career offender if he was sentenced after that change in law.

The district court denied Taylor's motion because it determined that, even if Florida attempted robbery is no longer a crime of violence, Taylor would still be designated as a career offender if he was sentenced after the asserted change in law because Taylor had a different prior conviction for a crime of violence, *i.e.*, his 1993 conviction for the Florida offense of aggravated assault with a firearm.

On appeal, Taylor challenges the district court's determination that his prior conviction for Florida aggravated assault was for a crime of violence.[2] Taylor argues that his 1993 conviction for

---

[2] Taylor does not challenge on appeal the district court's conclusions that his underlying federal conviction was for a controlled substance offense and that he had at least one prior conviction for a controlled substance offense.

Florida aggravated assault was not for a crime of violence because in 1993 a defendant could be convicted of aggravated assault in Florida even if he only had a reckless state of mind. *See Borden v. United States*, 593 U.S. 420, 429 (2021) (holding that the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") does not include violent offenses with a *mens rea* of recklessness); *see also United States v. Ochoa*, 941 F.3d 1074, 1107 (11th Cir. 2019) (explaining that ACCA precedent regarding the definition of "violent felony" is applicable for cases regarding U.S.S.G § 4B1.2(a)(1)'s definition of "crime of violence" because the two definitions are "virtually identical").

This argument is foreclosed by binding precedent. In *Somers v. United States*, we certified to the Florida Supreme Court the question of whether Florida's aggravated-assault statute could be violated by a reckless act for determining whether the Florida offense of aggravated assault was a violent felony under the ACCA. 66 F.4th 890, 893 (11th Cir. 2023). The Florida Supreme Court held that a defendant could not be convicted of aggravated assault in Florida based on a reckless act, and we then held that Florida aggravated assault was a violent felony under the ACCA. *Id.* at 893-96; *Somers v. United States*, 355 So. 3d 887, 891-92 (Fla. 2022).

We are bound by *Somers* to reject Taylor's argument. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("Under [the prior panel precedent] rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by

24-12161                Opinion of the Court                5

this court sitting *en banc*.").  *Somers* controls here because the Florida Supreme Court's interpretation of the aggravated-assault statute is "what that statute always meant," including in 1993.  *See Somers*, 66 F.4th at 896 (quotation marks omitted) ("[The defendant] cannot rely on earlier decisions of Florida's intermediate courts of appeal to avoid [the Florida Supreme Court's] clear holding."); *see also United States v. Fritts*, 841 F.3d 937, 942-43 (11th Cir. 2016) (holding, in considering whether a prior conviction was for a violent felony under the ACCA, that the Florida Supreme Court's later interpretation of the relevant statute controlled because that was "what that statute always meant").  Taylor's reliance on *United States v. Anderson*, 99 F.4th 1106 (7th Cir. 2024), is inapt because that case is not binding on us, while *Somers* is.

In sum, the district court was correct under *Somers* that Taylor's 1993 aggravated-assault conviction was for a crime of violence, so it did not err by concluding that Taylor would have been designated as a career offender if he was sentenced at the time he filed his sentence-reduction motion.  For that reason, the district court did not err by determining that there were no extraordinary and compelling circumstances warranting a sentence reduction.[3]  Additionally, Taylor did not raise any arguments in his motion for reconsideration that established that he was entitled to his

---

[3] We do not address Taylor's arguments as to the district court's alternative rulings because the district court could deny Taylor's § 3582(c)(1)(A) motion based on any one of the three rulings independently.  *See Tinker*, 14 F.4th at 1237-38.

6                    Opinion of the Court                    24-12161

requested relief, so the district court did not abuse its discretion by denying that motion.  Accordingly, we affirm the district court's denial of Taylor's § 3582(c)(1)(A) motion and motion for reconsideration.

**AFFIRMED.**