**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12739

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WHITFIELD LELAND, III,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:24-cr-00044-MW-MAF-1

————————————

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Whitfield Leland III appeals his sentence of 264 months' imprisonment for Hobbs Act robbery, brandishing a firearm during a crime of violence, and possessing a firearm as a convicted felon. He

maintains that the district court erred in applying an enhancement under the Armed Career Criminal Act. He argues that his 2011 Florida conviction for aggravated assault was improperly considered as a predicate offense, and that without it, he would not qualify for the enhancement. Based on our review of the record and the parties' briefs, we affirm.

## I

### A

In the early hours of May 20, 2024, Mr. Leland robbed a Dollar General in Tallahassee, Florida. He approached the cash register, brandished a handgun, and ordered the store manager to empty the register. He then demanded that the manager open the store's safe.

Meanwhile, a Dollar General customer saw what was happening and ran out of the back of the store to call 911. Mr. Leland heard the customer flee and ordered another employee at gunpoint to lock the back door. Law enforcement began to surround the store.

Mr. Leland and the store manager disappeared into the back of the store, and unbeknownst to law enforcement, Mr. Leland forced the manager to give up his Dollar General uniform. Now wearing the uniform and pretending to be a Dollar General employee, Mr. Leland exited through the back door without law enforcement detection. But once an employee identified Mr. Leland, he ran.

As Mr. Leland ran, the cash from the register flew out of his pockets. Following the trail of cash, officers found Mr. Leland hiding in some bushes and apprehended him. Later that day, law enforcement spoke with Mr. Leland's cousin, who realized that his Taurus 0.380 caliber handgun—the same gun used in the robbery—had gone missing the day before.

**B**

A grand jury returned a three-count indictment, charging Mr. Leland with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count I), brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count II), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count III). Mr. Leland pled guilty to these three counts on the condition that he did not waive any objection to whether his prior convictions qualified as a "violent felony" or "serious drug offense" for the application of the ACCA enhancement. *See* § 924(e). The three previous convictions relevant to this enhancement are as follows: (1) a 1998 Florida conviction for battery on law enforcement officers and resisting an officer with violence, (2) a 2000 Florida conviction for battery on a law enforcement officer and resisting with violence, and (3) a 2011 Florida conviction for aggravated assault with a deadly weapon.

Mr. Leland's criminal history category was VI, and the total offense level was 30. The resulting advisory guideline range was 180 to 215 months on Counts I and III. But Count III carried a 15-year mandatory minimum based on the ACCA enhancement, and

Count II carried a 7-year mandatory minimum that must run consecutively to the sentence imposed for Counts I and III. The district court imposed the mandatory minimum sentence of 264 months' imprisonment.

## II

Mr. Leland asserts that the district court erred by considering his 2011 Florida conviction for aggravated assault with a deadly weapon as an ACCA predicate offense. We review *de novo* whether a conviction qualifies as a violent felony under the ACCA. *See United States v. Deshazior*, 882 F.3d 1352, 1354 (11th Cir. 2018).

### A

Under ACCA, a defendant is subject to a significant enhancement to his base offense level and a 15-year statutory minimum sentence if he has "three previous convictions" for a "violent felony" or a "serious drug offense" committed on different occasions. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(a), (b). An offense constitutes a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

To decide whether an offense satisfies this "elements clause," courts use a categorical approach. *See Borden v. United States*, 593 U.S. 420, 424 (2021). Under this approach, the inquiry is whether a state offense necessarily involves the defendant's "use, attempted use, or threatened use of physical force against the person of another," such that the state offense cannot be committed without

satisfying the federal elements clause. *See id.* If any of the least culpable acts criminalized by the state statute do not entail that threshold degree of force, the state statute does not categorically match the federal elements clause (and thus cannot be an ACCA predicate offense). *See id.* A conviction under a state statute criminalizing reckless conduct cannot serve as an ACCA "violent felony" predicate offense. *Id.* at 429.

**B**

Florida law defines assault as an "intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1). Aggravated assault is an assault with "a deadly weapon without intent to kill" or an assault with "an intent to commit a felony." § 784.021(1). "The Florida Supreme Court has told us unambiguously that assault under Florida law requires a *mens rea* of at least knowing conduct; it cannot be committed recklessly." *Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023) (citing *Somers v. United States*, 355 So. 3d 887, 892 (Fla. 2022)). Consequently, "aggravated assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's elements clause." *Id.* Despite *Somers* post-dating Mr. Leland's 2011 conviction, our determination does not depend on the date of conviction because the Florida Supreme Court told us what the Florida assault statute has "always meant." *Id.* Mr. Leland recognizes that, as a later panel, we are bound by *Somers*, but he nevertheless argues that it was wrongly decided. *See* Br. for Appellant at 10.

The Supreme Court decided *Brown v. United States*, 602 U.S. 101 (2024), just over a year after we issued our decision in *Somers*. In *Brown*, the Supreme Court addressed whether the state and federal drug definitions must match at the time when the state crime is committed to constitute an ACCA "serious drug offense." *See id.* at 108–11. It held that courts must perform a "backward-looking" examination to determine whether the definitions matched at the time of the offense conduct, disregarding any subsequent statutory amendments to the drug schedules. *See id.* at 111–12.

Mr. Leland contends that the application of the Florida Supreme Court's definition of aggravated assault in *Somers* is contrary to the Supreme Court's "backward-looking" approach in *Brown*. But *Brown* is not on point. The Court in *Brown* did not address violent felonies or § 924(e)(2)(B). *See id.* at 105–23. Moreover, *Brown* concerned a legislative amendment, rather than judicial statutory interpretation of a state statute. *See id.* at 105–06. Significantly, the language of Florida's aggravated assault statute has remained unchanged from 2011 through 2025. *Compare* Fla. Stat. §§ 784.011(1), 784.021(1) (2011), *with* §§ 784.011(1), 784.021(1) (2025). Therefore, the Supreme Court's opinion in *Brown* did not undermine or overrule *Somers*.

Our prior panel's holding in *Somers* is binding on us unless and until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court. *See United States v. Dubois*, 139 F.4th 887, 892 (11th Cir. 2025). Thus, Mr. Leland's argument that his 2011 aggravated assault conviction is not

an ACCA predicate offense is foreclosed. The district court did not err in applying the ACCA enhancement.

### III

We affirm Mr. Leland's sentence.

**AFFIRMED.**