**NOT FOR PUBLICATION**

## In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 18-15229

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANIEL NATHANIEL MCCALL,
a.k.a. Papa,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cr-00120-GAP-KRS-1

————————————

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Daniel McCall appealed his conviction and sentence for possessing a firearm as a convicted felon, raising five issues: (1) his indictment was jurisdictionally defective because it did not allege that he knew he was a convicted felon at the time he possessed the firearm; (2) his guilty plea should be vacated because the district court violated both his due process rights and Federal Rule of Criminal Procedure 11 by failing to ensure he knew the true nature of the charges against him; (3) his three drug convictions under Florida Statutes section 893.13(1)(a) were not serious drug offenses or controlled substance offenses because the Florida drug statute was indivisible and could be violated through mere purchase, and the *Shepard*[1] documents did not prove that McCall received compensation; (4) the government failed to prove that his two 1991 drug convictions occurred on different occasions; and (5) his aggravated assault conviction was not a violent felony. *United States v. McCall*, No. 18-15229, 2023 WL 2128304, at *1, 3 (11th Cir. Feb. 21, 2023), *vacated and remanded*, 144 S. Ct. 2705 (2024) (mem.). In an unpublished opinion, we affirmed.

Following our affirmance, the Supreme Court granted McCall's petition for a writ of certiorari, vacated the judgment, and remanded for further consideration in light of *Erlinger v. United States*, 602 U.S. 821 (2024). We do so now. *Erlinger* has no bearing on the first, second, third, or fifth issues McCall raised on appeal, so we reinstate our earlier opinion as to those issues. But McCall

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

argues that *Erlinger* touches on the fourth issue. After careful consideration of *Erlinger*, and the parties' supplemental briefs, we reach the same conclusion as before and affirm.

## I.

Our earlier opinion set out the facts in detail, but we'll briefly repeat the facts relevant to our consideration of *Erlinger*. In 2017, McCall was indicted for possessing a firearm as a convicted felon, in violation of 18 U.S.C. sections 922(g)(1) and 924(e) (the Armed Career Criminal Act). At his change-of-plea hearing, the magistrate judge explained to McCall that, if convicted, he would face a fifteen-year mandatory minimum sentence under the Act. Understanding the mandatory minimum, he pleaded guilty.

In advance of McCall's sentencing hearing, the probation office prepared a presentence report. The report found that, as charged in the indictment and warned by the magistrate judge, the Act's mandatory minimum applied to McCall because he had at least three previous convictions for violent felonies or serious drug offenses committed on different occasions. The report listed four: (1) a Florida conviction for the "[s]ale of [c]ocaine" on May 13, 1991; (2) another Florida conviction for the "[s]ale of [c]ocaine" on May 15, 1991; (3) a Florida conviction for aggravated assault on November 29, 1996; and (4) a Florida conviction for unlawful possession with intent to sell or deliver a controlled substance on February 15, 1998.

McCall objected to the report's finding because the government did not offer evidence that his two 1991 drug offenses occurred on separate occasions under the Act. At the sentencing hearing, the district court overruled McCall's objection, adopted the presentence report, and found that McCall's 1991 drug offenses had occurred on different occasions. Because he had at least three previous qualifying convictions, the district court imposed the fifteen-year mandatory minimum sentence.

## II.

The Act imposes a fifteen-year mandatory minimum on defendants who are convicted of possessing a firearm as a felon and have three previous convictions for violent felonies or serious drug offenses committed on occasions different from one another. 18 U.S.C. § 924(e). In *Erlinger*, the Supreme Court held that the Fifth and Sixth Amendments required a jury—and not a judge—to determine if a defendant's previous convictions occurred on separate occasions before the Act's mandatory minimum could apply. 602 U.S. at 835.

McCall argues that the district court violated this jury-trial right because the court, and not a jury, made the separate-occasions finding. We divide our discussion into two parts. First, we explain that plain-error review applies to McCall's *Erlinger* issue. And second, we conclude that McCall didn't meet his burden under that standard.

### A.

First, plain-error review applies to McCall's *Erlinger* issue because he didn't argue below that a jury had to make the separate-occasions finding.[2]  McCall made several objections in the district court, but none concerned his right to a jury trial on the separate-occasions element.  The closest he came was his objection that "the government [could not] satisfy its burden to show [the two 1991 convictions] occurred on separate occasions."  But this is different than, and does not preserve, an *Erlinger* objection.  *See United States v. Penn*, 63 F. 4th 1305, 1317–19 (11th Cir. 2023).

In *Penn*, as here, the defendant objected that the district court erred in finding that he committed two of his previous qualifying convictions on different occasions.  They "occurred on the same occasion," the defendant argued.  *Id.* at 1317–18 (quotation omitted).  We reviewed this issue de novo, applying the *Wooden v. United States*, 595 U.S. 360 (2022), factors to the district court's finding that the two offenses were committed on occasions different from one another.  But the defendant's objection that the district court erred in making its finding did not preserve his separate *Erlinger* issue that "a jury must find, or a defendant must admit, that two offenses occurred on separate occasions."  *Penn*, 63 F.4th at

---

[2] Although we allowed McCall to file a supplemental brief to address *Erlinger*, any arguments not raised in the district court still must be reviewed for plain error.  *See United States v. Duldulao*, 87 F.4th 1239, 1256–57 (11th Cir. 2023) (explaining that we allow parties to "raise new arguments based on intervening precedent" but those arguments are "subject to plain error review").

1318.  Despite his factual objection, the *Erlinger* issue was "raised for the first time on appeal." *Id.*  So we reviewed it for plain error. We must do the same for McCall.

Even if he did not preserve the *Erlinger* issue, McCall contends it doesn't matter because *Erlinger* errors are structural and "require reversal."  But *Erlinger* errors are not structural.  *See United States v. Rivers*, 134 F.4th 1292, 1305 (11th Cir. 2025).  So this argument fails.

### B.

Under plain-error review, McCall must show that:  "(1) the district court committed an error; (2) the error was 'plain'; and (3) the error 'affect[ed] a substantial right.'"  *United States v. Steiger*, 99 F.4th 1316, 1324 (11th Cir. 2024) (en banc) (quoting *United States v. Caldwell*, 81 F.4th 1160, 1175 (11th Cir. 2023)).  To meet his burden on the third prong, "that the *Erlinger* error affected his substantial rights," McCall had to show "a reasonable probability that a jury would have concluded that he committed the three predicate crimes on fewer than three occasions."  *United States v. Edwards*, 142 F.4th 1270, 1282 (11th Cir. 2025).  He has not done so.

Here, McCall committed three previous qualifying convictions on different occasions.  Even if we count the 1991 drug offenses as one, McCall had a 1996 aggravated assault conviction.  *See Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023) ("[W]e hold that aggravated assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's elements clause.").  That's two.  And he had a 1998 possession-with-intent-to-sell-or-

deliver conviction. *See Penn*, 63 F.4th at 1317 ("Penn's convictions under Section 893.13(1)(a) are serious drug offenses . . . ."). That's three. As the Supreme Court has explained, previous convictions committed "a day or more apart, or at a 'significant distance,'" are "nearly always treated" as occurring on different occasions. *See Wooden*, 595 U.S. at 370. McCall's convictions were far more than a day apart. They were years apart.

McCall counters that because the dates of his offenses are unreliable we "cannot say what a jury presented with [his] decades-old prior offenses would have found." But this doesn't help McCall. If we don't know what the jury would have found, he cannot prevail on plain-error review. *See United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005) ("[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses. Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant."). For that reason, despite the *Erlinger* error, we affirm his sentence.

**AFFIRMED.**